1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN SELBY S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C23-5620 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

13      Plaintiff seeks review of the denial of his applications for Supplemental Security Income

14   (SSI) and Disability Insurance Benefits (DIB).  Plaintiff contends the ALJ erred by rejecting his

15   symptom testimony.  Dkt. 8.  As discussed below, the Court **AFFIRMS** the Commissioner's

16   final decision and **DISMISSES** the case with prejudice.

17                                          **BACKGROUND**

18      Plaintiff is 48 years old, has at least a high school education, and has worked as an

19   industrial truck operator, stores laborer, and short order cook.  Admin. Record (AR) 47.  In April

20   2020, Plaintiff protectively filed applications for benefits, alleging disability as of July 31, 2017.

21   AR 167–68, 182–83, 199, 204.  Plaintiff's applications were denied initially and on

22   reconsideration.  AR 180, 196, 203, 211.  After the ALJ conducted a hearing in February 2022

23   (AR 70–99), the ALJ issued a decision finding Plaintiff not disabled.  AR 30–61.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff contends the ALJ erred in rejecting his symptom testimony. Dkt. 8 at 1–3.

Plaintiff testified to feeling nauseous and vomiting every day because of his gastroparesis. AR 91. He stated he gets exhausted and has to lay down when he gets sick, and that he has had this condition for the past five years. *Id*. Plaintiff also testified to having bipolar disorder and getting angry easily.[1] *Id*.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

---

[1] Plaintiff also testified to other symptoms but challenges only the ALJ's evaluation of his gastroparesis and mental health symptoms. Dkt. 8. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court will therefore only consider the ALJ's evaluation of this portion of Plaintiff's testimony.

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

1    In this case, the ALJ rejected Plaintiff's testimony regarding his gastroparesis based on

2  his medication and treatment.  AR 43.  The record indicates Plaintiff has had gastroparesis since

3  2015 and was prescribed medication and instructed to follow a gastroparesis diet to improve his

4  condition.  *See* AR 1586.  Here, the ALJ found Plaintiff's symptoms improved with medication

5  and worsened when noncompliant with this diet.  AR 43.  The effectiveness of medication and

6  treatment is relevant to the evaluation of a claimant's alleged symptoms.  20 C.F.R. §§

7  404.1529(c)(3), 416.929(c)(3).  Further, "[f]ailure to follow prescribed treatment may 'cast doubt

8  on the sincerity of the claimant's pain testimony.'"  *Trevizo*, 871 F.3d at 680 (quoting *Fair v.*

9  *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

10    The ALJ's finding is supported by the record as it shows that when Plaintiff takes

11  medication and follows a gastroparesis diet, his vomiting was controlled, and when he did not, he

12  reported constant nausea and vomiting.  *See* AR 1581, 1664, 1688.  Plaintiff argues he did not

13  improve because even with medication, he continued to experience daily nausea.  Dkt. 8 at 2–3.

14  However, the record shows his daily nausea was related to his noncompliance with the diet.  AR

15  1688 ("He is not following gastroparesis diet as previously recommended and continues to have

16  nausea daily. He has not scheduled nutritional consultation for gastroparesis diet.").  In his

17  Opening Brief, Plaintiff argues he could not follow a gastroparesis diet because he was homeless

18  and unable to prepare meals as required.  Dkt. 8 at 2.  The record shows Plaintiff was homeless

19  for a period of time, but by April 2020, Plaintiff was residing with his girlfriend's family.  AR

20  1787, 383.  Plaintiff later states in his Reply Brief that his homelessness was not a factor to his

21  noncompliance with the diet, but argues it is "irrelevant" because he did not improve from

22  medication and continued to experience nausea daily.  Dkt. 15 at 2–3 (citing AR 1688).  But

23  again, Plaintiff's treatment notes indicate his daily nausea was related to his noncompliance with

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

1   the diet.  AR 1688.  Other than his former living condition—which Plaintiff has agreed is

2   irrelevant to the issue —Plaintiff has not provided any reasons for his noncompliance.  "Even

3   when the evidence is susceptible to more than one rational interpretation, we must uphold the

4   ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina*,

5   674 F.3d at 1111.  Here, the record shows that when Plaintiff took medication and followed a

6   gastroparesis diet, his symptoms improved and were not as severe as alleged, and when Plaintiff

7   did not, his symptoms worsened.  Plaintiff has not shown the ALJ's finding was not supported by

8   substantial evidence. Therefore, in rejecting Plaintiff's testimony regarding his gastroparesis, the

9   ALJ did not err.

10        The ALJ also rejected Plaintiff's testimony regarding his mental health, explaining it was

11   inconsistent with objective medical evidence.  AR 44–46.  "When objective medical evidence in

12   the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it

13   as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Here, the ALJ pointed to Plaintiff's

14   normal mental status examination, showing normal mood, affect, behavior, judgment, and

15   thought content.  *See* AR 723.  The ALJ also pointed out that although Plaintiff endorsed

16   hallucinations, he did not present as delusional and did not show any negative symptoms of

17   schizophrenia.  *See* AR 712.  The record also includes mental status examinations showing

18   Plaintiff stable, as well as normal psychiatric findings, even with Plaintiff's reports of worsening

19   symptoms.  *See* AR 624, 677, 726, 782, 913, 1521, 1581, 1680.  Given these findings, the ALJ

20   could reasonably reject Plaintiff's testimony.  Plaintiff argues the ALJ failed to demonstrate

21   contradiction between his testimony and the record, but does not cite any evidence supporting his

22   argument.  Dkt. 8 at 3.  Therefore, Plaintiff has not met his burden of showing the ALJ harmfully

23   erred.  *Molina*, 674 F.3d at 1111.

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

1

**CONCLUSION**

2      For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

3   case is **DISMISSED** with prejudice.

4      DATED this 8th day of February, 2024.

5

6

                    RICARDO S. MARTINEZ
7                   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING AND DISMISSING
THE CASE - 5